**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| W.P. Hickman Systems, Inc., | ) | CASE NO. 1:08 CV 1502 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Steven Harnish | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

This matter is before the Court upon Plaintiff's Motion to Transfer (Doc. 33). This is a breach of contract and tortious interference dispute. For the reasons that follow, the motion is DENIED.

### FACTS

Plaintiff, W.P. Hickman Systems, Inc., brings this lawsuit against defendant, former employee Steven Harnish, alleging that defendant is violating conditions of a non-compete agreement by his employment with plaintiff's competitor. Plaintiff also alleges that defendant wrongfully solicited its employees to work for defendant's new employer, defendant paid himself an unauthorized bonus, defendant wrongfully solicited plaintiff's customers for his new

employer, and defendant is using plaintiff's secret information acquired while working for plaintiff in his new employment.  Plaintiff is a roofing products and services company, and is organized under the laws of Ohio.  Defendant is a resident of Maryland.

Plaintiff sued defendant in the Cuyahoga County Court of Common Pleas on June 19, 2008.  The complaint contains nine claims for relief.  Count one is a claim for breach of contract.  Count two is a claim for breach of fiduciary duty.  Counts three and four are claims for tortious interference with business relationships.  Plaintiff failed to include any claim numbered count five.  Count six is a claim for tortious interference with prospective business advantage.  Count seven is a claim for defamation and disparagement.  Count eight is a claim for negligent misrepresentation.  Plaintiff failed to include any claims numbered nine and ten.  Count eleven is a claim for misappropriation of trade secrets.  Count twelve is a claim for conversion.  Defendant removed the case to this Court on diversity jurisdiction grounds, and counterclaimed for unpaid wages.

Subsequently, on October 2, 2008, plaintiff filed for Chapter 11 bankruptcy protection in the United States District Court for the Western District of Pennsylvania ("the Pennsylvania court").  This Court ordered this case stayed under 11 U.S.C. § 362 on October 16, 2008.  Plaintiff now seeks to have this case transferred to the Pennsylvania court, where it will ask the court to refer the case to the bankruptcy court where the bankruptcy case is pending.  Defendant opposes the transfer.  Plaintiff did not file a reply to defendant's brief in opposition.

**ANALYSIS**

As a preliminary matter, plaintiff's motion to transfer does not violate the automatic stay arising under 11 U.S.C. § 362. *Bill Heard Chevrolet Corp., Nashville v. Hisle,* No. 3:05-0638, 2006 U.S. Dist. LEXIS 8464, at *9 (M.D. Tenn. Feb. 10, 2006) (filing of a motion to dismiss a

prepetition lawsuit did not violate the automatic stay because it was not an act to obtain or exercise control over property of the estate), *aff'd per curiam,* 221 Fed. Appx. 434, 434 (6th Cir. 2007).

The parties dispute the appropriate statute to be applied in this case. Plaintiff argues that this case may be transferred pursuant to the bankruptcy change of venue statute, 28 U.S.C. § 1412, because it is related to a bankruptcy case, while defendant argues 28 U.S.C. § 1404(a), the general change of venue statute, is the correct statute to apply to related cases.

Upon review, § 1404(a) is the correct change of venue statute for this case. Section 1412 provides:

> A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

This case is not a "case or proceeding under title 11." While the Sixth Circuit has not interpreted "case or proceeding under title 11" as it relates to § 1412, it interpreted the same language as it occurs in the bankruptcy jurisdiction statute, 28 U.S.C. § 1334, in *Michigan Employment Security Comm'n v. Wolverine Radio Co. (*In re *Wolverine Radio Co.),* 930 F.2d 1132 (6th Cir. 1991). The relevant part of § 1334 at issue in *Wolverine* states:

> (a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

A "case under title 11" refers to a bankruptcy petition filed pursuant to 11 U.S.C. §§ 301, 302, or 303. *Wolverine,* 930 F.2d at 1141. The "term 'proceeding' is used to refer to the steps within

the 'case' and to any subaction within the case that may raise a disputed or litigated matter." *Id.* Unlike § 1334, § 1412 does not specify that it applies to "related" cases.[1] This case, arising out of state law and filed by plaintiff prior to plaintiff's bankruptcy filing, is neither a bankruptcy petition nor a subaction in the bankruptcy case.

The Court recognizes that the circuits are split as to whether § 1404 or § 1412 applies to related cases. *See City of Liberal v. Trailmobile Corp.,* 316 B.R. 358, 362 (D. Kan. 2004). The Court agrees with the rationale of the courts applying § 1404(a) to related cases. Section 1475, the predecessor to § 1412, specifically allowed bankruptcy courts to transfer related cases to the court in which the bankruptcy was pending. The Bankruptcy Amendments and Federal Judgeship Act of 1984 replaced § 1475 with § 1412, giving the transfer power to the district courts, and deleted any reference to the transfer of related cases. *See Tultex Corp. v. Freeze Kids, L.L.C.,* 252 B.R. 32, 36 (S.D.N.Y. 2000). Thus, the general change of venue statute, 28 U.S.C. § 1404(a), is the appropriate statute under which to evaluate plaintiff's motion.

The applicable part of § 1404 provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). The threshold inquiry is whether the proposed transferee district or division is one where the suit might have been brought. *Picker Int'l, Inc. v. Travelers Indemnity Co.,* 35 F. Supp. 2d 570, 572 (N.D. Ohio 1998). The plaintiff bears the burden of establishing that a court has personal jurisdiction over a defendant. *Serras v. First Tenn. Bank Nat'l Ass'n,* 875 F.2d 1212, 1214 (6th Cir. 1989).

Plaintiff argues that defendant has consented to personal jurisdiction in the Pennsylvania

---

[1] The parties appear to agree that this case is related to the bankruptcy case.

court by filing a proof of claim and an objection to a motion for compensation in the plaintiff's bankruptcy case in that district. Defendant argues that filing a proof of claim in the bankruptcy case does not give the Pennsylvania court personal jurisdiction over him for this case.

Upon review, the Court finds that the Pennsylvania court does not have personal jurisdiction over defendant. The cases cited by plaintiff to support its position stand largely for the rule that a creditor who files a claim in a bankruptcy is not entitled to a jury trial in bankruptcy court on the resolution of that claim due to the bankruptcy court's equitable jurisdiction, and the cases are not relevant in determining whether a court has personal jurisdiction over a litigant. *See In re Glazer,* 248 B.R. 528, 532 (Bankr. N.D. Ohio 2000).

Filing a proof of claim in a bankruptcy is like filing a complaint in a civil action. *In re Kenny,* 75 B.R. 515, 520 (Bankr. E.D. Mich. 1987) (citing *Nortex Trading Corp. v. Newfield,* 311 F.2d 163, 164 (2d Cir. 1962)). The filing commences a proceeding against the bankruptcy estate. Once a creditor has filed a proof of claim, he is subject to personal jurisdiction in that forum for all possible counterclaims that the estate may bring against him. *Kline v. Zueblin (*In re *American Export Group Int'l Svcs., Inc.),* 167 B.R. 311, 314 (D.D.C. 1994). *See also Gardner v. New Jersey,* 329 U.S. 565, 573 (1947) ("[H]e who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure."); *Tucker Plastics, Inc. v. Pay'N'Pak Stores, Inc. (*In re *PNP Holdings Corp. and Pay'N'Pak Stores, Inc.),* 99 F.3d 910, 911 (9th Cir. 1996) ("[A] creditor who files a proof of claim consents to the bankruptcy court's personal jurisdiction over the creditor in proceedings to resolve the bankruptcy estate's objections to the claim."); *Capitol Res. Funding v. Tri-County Bank of Royston,* No. 96-CV-746, 1997 U.S. Dist. LEXIS 13055, at *7 (N.D.N.Y. Aug. 27, 1997) (creditor who filed proof of claim subject to personal jurisdiction of bankruptcy court as to

any counterclaim);  *Lykes Bros. Steamship Co., Inc. v. Hanseatic Marine Svc. GMBH (*In re *Lykes Bros. Steamship Co., Inc.),* 207 B.R. 282, 285 (Bankr. M.D. Fl. 1997) (same); *Schwinn Plan Comm. v. TI Reynolds 531 Ltd. (*In re *Schwinn Bicycle Co.),* 182 B.R. 526, 532 (Bankr. N.D. Ill. 1995) (same).

By filing a proof of claim in plaintiff's bankruptcy action, defendant has consented to personal jurisdiction *as to any counterclaims* that may be brought against him in the claims resolution process.  The case before the Court, however, is not a counterclaim to defendant's proof of claim.  It is a separate lawsuit filed by plaintiff prior to plaintiff's bankruptcy.  The Court finds that defendant did not consent to personal jurisdiction in the Pennsylvania court for this case by filing a proof of claim and an objection to a motion for compensation in the bankruptcy case.

Plaintiff does not argue that the Pennsylvania court has either general or specific personal jurisdiction over defendant.  Plaintiff did not file a reply brief addressing defendant's arguments that no general or specific personal jurisdiction exists in this case.  The Court will nonetheless briefly address general and specific jurisdiction.  For the Pennsylvania court to have general jurisdiction over a person, the person must maintain continuous and systematic contacts with Pennsylvania.  *Provident Nat'l Bank v. Cal. Fed. Savings & Loan Ass'n.,* 819 F.2d 434, 437 (3d Cir. 1987).  General personal jurisdiction over an individual may also be obtained by the individual's consent, or if the individual is present in Pennsylvania at the time he is served, or if he is domiciled in Pennsylvania.  42 Pa. C.S.A. § 5301(1).  Plaintiff has not alleged that defendant has any contacts with Pennsylvania, or that defendant resides in Pennsylvania.  The Court finds that the Pennsylvania court does not have general personal jurisdiction over defendant.

For the Pennsylvania court to have specific personal jurisdiction over a person, the plaintiff must prove that the cause of action arose from the person's activities within Pennsylvania.  *Provident Nat'l Bank,* 819 F.2d at 437.  Plaintiff alleges in the First Amended Complaint that the activities giving rise to the cause of action occurred in Ohio.  The Court finds that the Pennsylvania court does not have specific personal jurisdiction over defendant.

Because the Court finds that this action could not have been brought in the Pennsylvania court due to lack of personal jurisdiction over defendant, the Court need not reach the remaining factors under 28 U.S.C. § 1404(a).

**CONCLUSION**

For the foregoing reasons, plaintiff's Motion to Transfer pursuant to 28 U.S.C. § 1412 is DENIED.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 6/24/09